IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUDDS BROTHERS CONSTRUCTION CO., a Nebraska Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MERSINO DEWATERING, INC., a Michigan Corporation;<br><br>Defendant. | 8:16CV01<br><br>ORDER |

This matter is before the Court on the Motion for Leave to Amend Complaint ([Filing No. 99](#)) filed by Plaintiff, Judds Brothers Construction Co. ("Judds"), which is opposed by Defendant, Mersino Dewatering, Inc., ("Mersino"). The Court will deny the motion.

**BACKGROUND**

This lawsuit concerns Judds' allegations that Mersino failed to dewater a sewer project site in accordance with the parties' contract. Judds commenced this action in state court on November 24, 2015, and Mersino removed the action to this Court on January 4, 2016. ([Filing No. 1](#)). Judds' Complaint contains five Claims against Mersino: breach of contract (Claim I); negligence (Claim II); breach of implied warranty of fitness for a particular purpose (Claim III); breach of express warranty of fitness for a particular purpose (Claim IV); and unjust enrichment (Claim V). ([Filing No. 1 at pp. 10-13](#)). Mersino counter-claimed for breach of contract and quantum meruit. ([Filing No. 7](#)).

On March 14, 2016, the Court entered an initial progression order setting April 11, 2016, as the deadline to file "[a]ny motion to amend pleadings[.]" ([Filing No. 14](#)). Written discovery closed on August 31, 2016, and the deposition deadline was January 30, 2017. ([Filing No. 33](#); [Filing No. 53](#)). After discovery closed, Mersino moved for summary judgment ([Filing No. 60](#)), and on May 26, 2017, Chief Judge Smith Camp entered a Memorandum and Order dismissing all of Judds' claims except Claim I for breach of contract. ([Filing No. 87 at pp. 23-24](#)).

Specifically, with respect to Judds' breach of contract claim, Judge Smith Camp concluded, "A triable issue of fact exists as to whether Mersino's Second Proposal for a well-point system, and

Mersino's advice to Judds regarding continued use of the well-point system, violated the implied duty to perform the contract with care, skill, reasonable expedience, and faithfulness," and that questions of material fact existed regarding Mersino's "potential concealment or bad faith" with respect to the delay clause. (Filing No. 87 at pp. 15-16). Mersino's motion for summary judgment as to its counter-claims was also denied. (Filing No. 23 at p. 23). Mersino has moved for reconsideration of the Memorandum and Order, which motion is pending before Judge Smith Camp. (Filing No. 92).

Shortly after the summary judgment ruling, Magistrate Judge F.A. Gossett held a final pretrial conference with the parties on May 31, 2017. After the Court granted the parties an extension to revise their final pretrial documents, the Order on Final Pretrial Conference was entered on June 27, 2017. (Filing No. 95). Two weeks later, Judds filed the instant motion to amend its Complaint, seeking to clarify its allegations that Mersino expressly breached the contract when Mersino failed to "provide additional systems, if needed, at additional cost" and to add examples and describe "in detail" "the numerous ways in which Mersino breached the common law duty of care, skill, reasonable expediency and faithfulness." (Filing No. 99 at pp. 2-3). Trial is set to commence on September 19, 2017.

## ANALYSIS

Although Judds requests leave to amend its complaint, once the final pretrial conference has been held and a final pretrial order entered, the final pretrial order "supersedes all previous pleadings and controls the subsequent course of action[.]" *United States v. $84,615 in U.S. Currency*, 379 F.3d 496, 499 (8th Cir. 2004); see *Hartman v. Workman*, 476 F.3d 633, 635 n. 3 (8th Cir. 2007) ("The issues identified in the Pretrial Order supersede any issues raised in the Complaint[.]"). Therefore, the Court will construe Judds' motion to amend its complaint as a motion to amend the final pretrial order, which is now the operative pleading.

"The final pretrial conference and order 'measure[ ] the dimensions of the lawsuit,' including the issues to be tried." *Friedman & Friedman, Ltd. v. Tim McCandless, Inc.*, 606 F.3d 494, 498 (8th Cir. 2010)(quoting *$84,615 in U.S. Currency*, 379 F.3d at 499). The final pretrial conference is critical for "promoting efficiency and conserving judicial resources by identifying the real issues prior to trial, thereby saving time and expense for everyone." Fed. R. Civ. P. 16 Advisory Committee Note (1983 Amendment to subdivision (c)). "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

2

"Orders entered following Rule 16 conferences are not lightly disturbed," and "will be modified only if there is no substantial injury or prejudice to the opponent."  *$84,615 in U. S. Currency*, 379 F.3d at 499 (citations and internal quotations omitted).

Paragraph (C) of the Final Pretrial Order in this case consists of nearly thirty pages of Controverted and Unresolved issues identified by the parties.  Included amongst Judds' claims under this section are (1) whether Mersino breached the contract by failing to perform in accordance with the common law duty of care (and several ways in which Mersino allegedly breached its common law duty) and (2) whether Mersino breached the contract when it did not propose additional dewatering systems.  (Filing No. 95 at pp. 5-7, 12).   Judds' claims in the final pretrial order already encompass what it seeks to add by way of an amended complaint.  Moreover, in the final pretrial order, Mersino noted and preserved its objections to Judds' claims, including Mersino's arguments that Judds insufficiently pled certain claims and that the majority of Judds' claims were dismissed/already addressed by Judge Smith Camp's Memorandum and Order.  (Filing No. 95 at pp. 5-23).  The final pretrial order in this case accurately "measures the dimensions" of the lawsuit.  It contains claims that Judds believes it has sufficiently pled or that remain after summary judgment, and Mersino has documented its objections to those claims.  The plaintiffs have not demonstrated that the final pretrial order should be modified or amended to prevent manifest injustice, and the Court is mindful that final pretrial orders "are not lightly disturbed." See *$84,615 in U.S Currency*, 379 F.3d at 499.  Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Leave to Amend Complaint (Filing No. 99) is denied.
2.  Defendant's Motion for Leave to File A Sur-Reply in Opposition to Judds Brothers' Motion for Leave to Amend its Pleadings (Filing No. 105) is denied as moot.

Dated this 16th day of August, 2017.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge