**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JUDDS BROTHERS CONSTRUCTION CO., a Nebraska Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MERSINO DEWATERING, INC., a Michigan Corporation;<br><br>Defendant. | 8:16CV1<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Reconsideration, ECF No. 92, filed by Defendant Mersino Dewatering, Inc. (Mersino). For the reasons stated below, the motion will be denied.

## BACKGROUND

In 2015, the City of Council Bluffs, Iowa, hired Plaintiff Judds Brothers Construction, Co. (Judds), as general contractor on the Mosquito Creek South Sewer Relocation Project. Judds sought and received bids from two subcontractors to dewater the project—Mersino and Griffin Dewatering Corp. (Griffin). Mersino proposed drilling 33 wells to a depth of 40 feet, while Griffin proposed drilling 14 wells to a depth of 90 feet. Judds selected Mersino to dewater the Mosquito Creek Project. Mersino's proposal for the project (First Proposal), as signed by Judds, stated "the dewatering system shall sufficiently lower the ground water level below the sub-grade elevations except where silts, clays, rock or other impervious material may be encountered" and that "[i]f additional dewatering systems should be required or requested of Mersino in

excess of that which is quoted above, additional systems will be provided at additional costs." ECF No. 70-3, Page ID 1896–98.

On April 28 and 29, 2015, Mersino installed three wells, which terminated in "gray-ish looking clay" and did not achieve the anticipated groundwater drawdown. On May 8, 2015, Mersino submitted a second proposal (Second Proposal),[1] this time proposing the installation of a well-point system to aid in dewatering. Judds directed Mersino to install a test run of 500 feet of well points. When the well-point system was ineffective, Judds undertook several actions on its own to attempt to dewater the site, such as installing sump pumps in a trench, electric pumps in the Mersino wells, and an additional shallow well.

In mid-July of 2015, Judds informed Mersino that it was engaging Griffin to install three wells at a depth of 90 feet to dewater the site. Mersino asked for the opportunity to install deep wells, but Judds refused. The deep wells installed by Griffin eventually achieved the desired drawdown and Judds completed the sewer relocation project. Due to delays in project completion, the City of Council Bluffs imposed liquidated damages on Judds per the terms of their contract.

Judds brought suit against Mersino in the District Court of Douglas County, Nebraska, on November 24, 2015. ECF No. 1. Mersino removed the case to this Court on January 4, 2016. In its complaint, Judds asserted claims for breach of contract, negligence, breaches of implied and express warranties of fitness for a particular

---

[1] As with the First Proposal, the Second Proposal stated, "the dewatering system shall sufficiently lower the ground water level below the sub-grade elevations except where silts, clays, rock or other impervious material may be encountered" and that "[i]f additional dewatering systems should be required or requested of Mersino in excess of that which is quoted above, additional systems will be provided at additional costs."

2

purpose, and unjust enrichment. *Id.*, Page ID 5–14. In its answer, ECF No. 7, Mersino asserted counter-claims against Judds for breach of contract and quantum meruit. *Id.*, Page ID 38–39.

On February 24, 2017, Mersino moved for summary judgment, ECF No. 60, in its favor on all claims and counter-claims. On May 26, 2017, the Court entered an order, ECF No. 87, granting the motion in part, and entering summary judgment in favor of Mersino on all Judds's claims except breach of contract. Regarding that claim, the Court held that the undisputed evidence showed there had been no breach of the express terms of the First and Second Proposals; but, because Judds introduced evidence that Mersino may have suggested the well-point system despite its unlikelihood of success and in order to prolong billing Judds, the Court allowed the claim to proceed solely on the grounds that Judds may have breached its common-law duty to perform the contract with reasonable care, expedience, and good faith. ECF No. 87, Page ID 3033–36. For this same reason, the Court did not grant summary judgment on the clause in the agreement prohibiting damages for delay in Mersino's performance, as such a clause had been held unenforceable in cases where the delay resulted from concealment, misrepresentation, fraud, bad faith, or malicious intent. *Id.*, Page ID 3036.

Mersino has moved for reconsideration as to the breach of contract claim and the no-damages-for-delay clause.

### STANDARD OF REVIEW

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Auto*

*Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008) (citing *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988)). The Eighth Circuit Court of Appeals has stated that "motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Elder-Keep v. Aksamit*, 460 F.3d 979, 985 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)).

Certain district court opinions have taken issue with *Elder-Keep*'s holding, citing a district court's "inherent authority to reconsider interlocutory orders." *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, at *2 (W.D. Mo. Jan. 30, 2008) (citing 15B Wright and Miller, *Federal Practice and Procedure* § 3914.28); *see also Lustgraaf v. Sunset Fin. Servs., Inc.*, No. 8:08CV335, 2012 WL 5996968, at *2 n.3 (D. Neb. Nov. 28, 2012) (citing *Garrett*; *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc.*, No. 3:09–CV–05078–DGK, 2010 WL 3522476, at *2 (W.D.Mo. Sept.2, 2010)) (recognizing courts' disagreement with *Elder-Keep*). Indeed, Federal Rule of Civil Procedure 54(b) states that any order that adjudicates fewer than all the claims in a pending action "does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see Birge v. Smeall*, No. 8:13CV136, 2013 WL 6631653, at *2 (D. Neb. Dec. 17, 2013) (quoting *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007)) ("District courts have 'the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment.'").

Even district courts that have criticized *Elder-Keep* as too restrictive of a district court's discretion have noted that a court's interest in judicial economy and respect for the finality of court decisions "would be undermined if [a court] were to routinely

4

reconsider its interlocutory orders." *Disc. Tobacco*, 2010 WL 3522476, at *2. These courts have required the moving party to show "(1) that it did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *HM Compounding Servs., LLC v. Express Scripts, Inc.*, No. 4:14-CV-1858 JAR, 2017 WL 2118012, at *1 (E.D. Mo. May 16, 2017) (citing *Disc. Tobacco*.).

## DISCUSSION

### I. Common-law Duty to Perform Contract With Care, Skill, Reasonable Expedience, and Faithfulness

In its summary judgment order, the Court held that Judds could proceed on its breach of contract claim only on the theory that Mersino violated the common-law duty to perform the contract with care, skill, reasonable expediency, and faithfulness to the thing agreed to be done.[2] The Court noted that Judds offered evidence, via the testimony of Les Wallace, that Mersino suggested a well-point system, despite knowing it was very unlikely to work, in order to save face and pad its bill. ECF No. 87, Page ID 3033–36

Mersino now argues that its motion for reconsideration should be granted because this evidence was misleading and did not reflect the testimony of Wallace as a

---

[2] In its opposition brief, Judds argued that the summary judgment order left intact Judds's claim that Mersino breached certain express terms of the First and Second Proposals, namely the term stating "[i]f additional dewatering systems should be required or requested of Mersino in excess of that which is quoted above, additional systems will be provided at additional costs." ECF No. 97, Page ID 3180–81. Although the summary judgment order did not expressly address this issue, the order impliedly found no breach of this term, because the order allowed the breach of contract claim to proceed solely on the question of the implied duty of care, skill, reasonable expediency, and faithfulness. The issue is not whether Mersino failed to supply an alternative dewatering system—the uncontroverted evidence on summary judgment showed that it suggested the well-point system—but whether it suggested a system in breach of its implied duty, knowing the system would not work, and continued to advocate for its operation despite its ineffectiveness so as to collect more money from Judds.

5

whole.  Specifically, Mersino points to Wallace's testimony that Mersino thought a well-point system was the best option and that Mersino, early in the project, generally discussed the possibility of deep wells with Judds.³  Supp. Brief., ECF No. 93, Page ID 3052–55.  This evidence simply demonstrates that genuine issues of material fact, including Wallace's credibility and the weight to be given to his testimony, remain.

Mersino also argues that because the Court found no breach of the express terms of the First and Second Proposals, the claim for breach of the implied duty of care must also fail.  Under Nebraska law, when a claim for the breach of an express contract term fails, any concomitant claim for bad faith or breach of the implied duty of care generally will fail.  *See, e.g.*, *Lawyers Title Ins. Corp. v. Hoffman*, 513 N.W.2d 521, 525 (Neb. 1994) (citing *Getzschman v. Miller Chemical Co.*, 443 N.W.2d 260 (Neb. 1989) (holding that breach of the implied duty of care requires existence of a legal duty "determined from the terms of the agreement"); *see also Welfl v. Northland Ins. Co.*, 192 F.3d 1169, 1172 (8th Cir. 1999) (applying Nebraska law) ("[A]cting according to express terms of a contract is not a breach of good faith and fair dealing." (quoting *Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank*, 934 F.2d 976, 983 (8th Cir. 1991)).

This is not to say, however, that a breach of the implied duty of care *must* fail as a matter of law when an accompanying claim for breach of an express contract term fails.  In *LeRette v. Am. Med. Sec., Inc.*, 705 N.W.2d 41 (Neb. 2005), a woman sued her health insurer, alleging it denied her precertification for a procedure in bad faith and that it breached their contract by failing to timely pay her medical bills.  *Id.* at 547–49.  The

---

³ Mersino did not address this evidence in its reply brief on summary judgment, but rather, argued that the implied duty did not apply in the construction context, ECF No. 72, Page ID 2828–29, an argument the Court rejected in its order, ECF No. 87, Page ID 3033–36.

Nebraska Supreme Court considered the viability of the bad faith claim[4] in the apparent absence of a claim that the precertification denial constituted a breach of an express contract term.[5] Thus, this Court cannot conclude that the Nebraska Supreme Court would reject a claim for breach of an implied duty of care, in the absence of an express breach of a contract's terms.

Here, factual questions remain regarding what Mersino knew about the viability of potential alternative dewatering methods and its motivation for suggesting the use and continued operation of the well-point system. There may be sufficient evidence from which a reasonable jury could conclude that Mersino breached its implied duty of care, skill, reasonable expediency, and faithfulness to the thing agreed to be done.[6]

Finally, Mersino argues that the Court should dismiss the breach of contract claim, because Judds did not sufficiently plead the claim in its complaint.[7] Mersino did not raise this argument in its motion for summary judgment, though it was clear at the time that Judds was seeking relief under the theory of the implied duty of care, and the Court will not revise its earlier order on this basis.

---

[4] In *LeRette*, the claim was a tort action for breach of the duty of good faith and fair dealing. In its previous summary judgment order, this Court noted that in *Lesiak v. Cent. Valley Ag Co-op., Inc.*, 808 N.W.2d 67 (Neb. 2012), the Nebraska Supreme Court held that in cases of purely economic loss, such as here, a claim for breach of the implied duty of care may only be brought as a contract action. ECF No. 87, Page ID 3034–36 (citing *Lesiak,* 808 N.W.2d at 82–83).

[5] The court held that the breach of contract claim for untimely payment of medical bills was "separate and distinct" from the bad faith claim, even though the claims shared some facts in common. *LeRette*, 705 N.W.2d at 48.

[6] For this same reason, Mersino's argument that it could not have breached its implied duty because it informed Judds that it lacked less than full information regarding the dewatering site—*i.e.*, that it did not have, but could obtain at additional cost, a professional geotechnical report—does not relieve Mersino from potential liability.

[7] Judds moved to amend its complaint, ECF No. 99, on July 7, 2017. Magistrate Judge Michael Nelson, noting that the pretrial order—rather than the complaint—now controlled, denied the motion. ECF No. 107.

**II. The No-Damages-for-Delay Clause**

The First and Second Proposals stated that "Mersino shall not be held liable for any costs due to strikes, delays, changed project conditions and/or any other unforeseen conditions." ECF Nos. 62-8, Page ID 861; 62-23, Page ID 888. In its summary judgment order, the Court noted that when such clauses are in effect, "a party can recover for delay only if the clause is unenforceable due to concealment, misrepresentation, fraud, bad faith, or malicious intent." ECF No. 87, Page ID 3036 (citing *Kiewit Const. Co. v. Capital Elec. Const. Co.*, No. 8:04 CV 148, 2005 WL 2563042, at *8 (D. Neb. Oct. 12, 2005); *Siefford v. Hous. Auth. of City of Humboldt*, 223 N.W.2d 816, 823 (Neb. 1974)). Mersino argues that there was no evidence in the record of bad faith on its part, and the Court should have found the clause enforceable as a matter of law.

This Court infers that the Nebraska Supreme Court would use an analysis similar to that applied in *Siefford*, when, as here, an issue remains as to whether the party invoking the no-damages-for-delay clause breached an implied duty of care, skill, reasonable expediency, and faithfulness to the thing agreed to be done. Accordingly,

IT IS ORDERED: The Motion for Reconsideration, ECF No. 92, filed by Defendant Mersino Dewatering, Inc., is denied.

Dated this 18th day of September, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge