# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JUDDS BROTHERS CONSTRUCTION CO., a Nebraska Corporation;**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**MERSINO DEWATERING, INC., a Michigan Corporation;**<br><br>**Defendant.** | **8:16CV1**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court the Motion for Attorney Fees and Costs, ECF No. 139, filed by Defendant Mersino Dewatering, Inc. (Mersino). For the reasons stated below, the motion will be granted in part.

## BACKGROUND

In 2015, the City of Council Bluffs, Iowa, hired Plaintiff Judds Brothers Construction Co. (Judds), as general contractor on a sewer relocation project. Judds subcontracted with Mersino to dewater the project site. After repeated unsuccessful attempts to dewater the site, Judds replaced Mersino with a different dewatering company.

Judds brought suit against Mersino in the District Court of Douglas County, Nebraska, on November 24, 2015. ECF No. 1. In its complaint, Judds asserted claims for breach of contract, negligence, breaches of implied and express warranties of fitness for a particular purpose, and unjust enrichment. *Id.*, Page ID 5–14. Mersino brought counter-claims against Judds for breach of contract and quantum meruit (*id.*, Page ID 38–39) and removed the action to this Court on January 4, 2016.

The case proceeded to trial, and on September 29, 2017, a jury returned a verdict in favor of Mersino in the amount of $43,700.52.  *See* ECF No. 135.

Mersino then filed the present motion, seeking $9,439.88 in taxable costs, $19,429.32 in non-taxable costs, and $293,585 in attorney's fees.  Regarding costs that are taxable under 28 U.S.C. § 1920, Mersino seeks the following amounts:

| | | |
|---|---|---|
| 1. | Fees of the Clerk: | $400.00 |
| 2. | Fees for service of summons and subpoena: | $890.00 |
| 3. | Fees for printed or electronically-recorded transcripts necessarily obtained for use in the case: | $6,328.49 |
| 4. | Fees and disbursements for printing: | $858.68 |
| 5. | Fees for witnesses: | $235.01 |
| 6. | Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: | $727.70 |
| | Total taxable costs: | $9,439.88 |

Regarding the non-taxable costs, which Mersino argues are recoverable, Mersino seeks the following amounts:

| | | |
|---|---|---|
| 1. | Mediation fees: | $747.50 |
| 2. | Travel expenses for mediation: | $1,536.69 |
| 3. | Shipping fees for discovery production: | $60.00 |
| 4. | Travel for depositions: | $2,284.41 |
| 5. | Legal research: | $10,565.00 |
| 6. | Travel for *Daubert* hearing: | $973.27 |
| 7. | Travel for final pre-trial hearing: | $953.19 |
| 8. | Travel for trial: | $2,309.26 |

Total non-taxable costs:                                    $19,429.32

Judds opposes the awarding of attorney fees, non-taxable costs, and many of the taxable costs.

### STANDARD OF REVIEW

"Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees are to be awarded to the prevailing party unless the court directs otherwise." *E.E.O.C. v. JBS USA, LLC*, 2015 WL 2212644, at *1 (D. Neb. May 11, 2015) (quoting *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005)). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . . . " *Id.* (quoting *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007)). District Courts have "substantial discretion in awarding costs," and "Rule 54(d) . . . generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006) (citing *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000)).

Under 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as costs the following:

>    (1)    Fees of the clerk and marshal;
>
>    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
>    (3)    Fees and disbursements for printing and witnesses;
>
>    (4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
>    (5)    Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

To determine the appropriateness of certain costs under § 1920, the Court looks to the District of Nebraska's Bill of Costs Handbook (Handbook). The Court uses the Handbook pursuant to its statutorily-granted discretion. *See Marmo*, 457 F.3d at 764 ("[28 U.S.C. § 1920] provides the district court with discretion to assess costs, and the Handbook is a product of exercising that discretion.").

## DISCUSSION

## I. TAXABLE COSTS

As an initial matter, Judds does not oppose the awarding of $400 for "Fees of the Clerk," and $6,328.49 for printed transcripts. Therefore, the Court will be award these costs, totaling $6,728.49.

### a. Fees for Service of Summons and Subpoena

Judds opposes the awarding of certain costs documented in ECF No. 141-6. Judds identifies a $500 invoice for serving subpoenas to two potential witnesses by a private process server. *See id.*, Page ID 4237–38. "Fees paid to private process servers are not taxable as costs." Handbook § IV(B)(3). The Court will not award costs for the $500 for private process service. Judds next opposes the $390 sought by Mersino for "Subpoena Fees and Expenses." ECF No. 141-6, Page ID 4239. Judds argues that Mersino's documentation of these expenses is insufficient under Handbook, § IV(B)(2) and that the expenses were for subpoena service by a private process

4

server.  Because the documentation provided indicates, as best the Court can discern, that the expenses were for a private process server, the Court will not award the $390 sought for subpoena fees.

### b. Printing and Exemplification Costs

Judds also opposes $858.68 sought by Mersino for "fees and disbursements for printing" and $727.70 for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained."  Supp. Brief, ECF No. 140, Page ID 4194.  Together, the costs total $1,586.38.

Regarding the cost of making copies, the Handbook states:

The clerk will tax the following costs for document copies obtained for use in the case:

a. Costs for copying documents and exhibits entered into evidence;

b. Costs of copies of documents that the court otherwise required at trial;

c. Costs of copies required to be served on the opposing party through non-electronic means; and

d. Costs associated with copying documents used as evidence to support a successful dispositive motion.

Handbook, § IV(G)(1).  "The clerk will not tax . . . [c]osts for copies made for the convenience of counsel, such as documents retained by counsel for counsel's use or documents provided to clients."  Handbook, § IV(G)(2).

Mesino describes the costs as "copies . . . for exhibits, copies of exhibits for Mersino, copies of exhibits for the Court, and copies of exhibits for the Courtroom Deputy."  Supp. Brief nn. 4 & 6, ECF No. 140, Page ID 4194.  Given that a portion of the

copy and printing fees were "for Mersino," the Court will reduce the award by one-third.[1]

Thus, from a total request of $1,586.38, the Court will reduce the award by $528.79, for

a revised total of $1057.59.  The Court will further reduce the award by the $44 invoiced

for three-ring binders for Mersino.  *See* ECF No. 141-10, Page ID 4297; Handbook,

§ V(C) (listing costs for "reusable exhibit notebooks or binders" as non-taxable).

Therefore, the total amount awarded will be $1,013.59.

### c. Fees for Witnesses

Mersino seeks the following fees for witnesses:

| | | |
|---|---|---|
| 1. | John R. Judds | $40.11 |
| 2. | Dave Edwards | $100.56 |
| 3. | John Henderson | $40.11 |
| 4. | Thomas Strauss | $54.23 |

*See* ECF No. 141-11.  The Handbook states that fees and expenses paid to witnesses

"who are subpoenaed for trial but do not testify" are non-taxable.  Handbook,

§ IV(E)(7)(a).  Judds objects to costs for John Judds and John Henderson because,

although both testified, they were called by Judds and not Mersino.  The Court will

award costs for John Judds and John Henderson because whether a witness's fees are

taxable under the Handbook does not depend on which party ultimately calls the

witness to testify.

Judds also objects to costs for Thomas Strauss, who was not called to testify,

and for Dave Edwards, who was present in the courtroom but not called to testify after

Mersino was allowed to read his deposition testimony into the record.  The costs for

---

[1]  The one-third reduction represents the Court's best effort to distinguish taxable from non-taxable printing and copying costs, given the documentation provided.

Strauss and Edwards do not qualify under the Handbook's testimony requirement, and the Court will not award them.

The Court will award a total of $80.22 for the witness fees.

## II. ATTORNEY FEES AND NON-TAXABLE COSTS

Mersino seeks its attorney's fees and many costs categorized as non-taxable. Under Nebraska law "[a] party may recover attorney fees and expenses in a civil action only when a statute permits recovery or when the Nebraska Supreme Court has recognized and accepted a uniform course of procedure for allowing attorney fees." *Wetovick v. County of Nance*, 782 N.W.2d 298, 317 (Neb. 2010); see *Stewart v. Bennett*, 727 N.W.2d 424, 429 (Neb. 2007) ("[I]n the absence of a uniform course of procedure or authorization by statute, contractual agreements for attorney fees are against public policy and will not be judicially enforced.").

Mersino argues that per the terms of the dewatering proposals, signed by the parties, *see* ECF No. 141-4, Judds is contractually obligated to cover Mersino's attorney's fees, and that an Iowa statute[2] or Nebraska case law[3] supply the requisite "uniform course of procedure." The relevant contracts between the parties contained indemnity language stating "[Judds] agrees and promises that it shall indemnify and hold Mersino harmless from any and all claims, liability, damage, or loss, including reasonable attorney fees arising out of the Contractor's use of the equipment." ECF No.

---

[2] Iowa Code § 625.22 states "[w]hen judgment is recovered upon a written contract containing an agreement to pay an attorney fee, the court shall allow and tax as a part of the costs a reasonable attorney fee to be determined by the court."

[3] Specifically, Mersino cites *Peter Kiewit Sons Co. v. O'Keefe Elevator Co., Inc.*, 213 N.W.2d 731 (Neb. 1974), which holds "[t]he general rules governing construction and interpretation of contracts other than indemnity contracts apply in construing indemnity contracts and in determining rights and liabilities of the parties thereunder." *Id.* at 732 (citing *Currency Services, Inc. of Minn. v. Passer*, 133 N.W.2d 19 (Neb. 1965)).

141-4, Page ID 4230. The Court concludes that the clause applies to disputes arising out of Judds's use of Mersino's dewatering equipment.[4] The present case essentially involved Mersino's alleged negligence and breach of contract in failing to propose and employ certain dewatering methods on the construction site, not the operation of Mersino's equipment. Whether or not the legal authorities cited by Mersino can supply a uniform course of procedure for the award of an attorney's fee pursuant to a contract, the contract between Judds and Mersino does not provide any basis for an award of attorney's fees under the facts of this case.

Mersino also seeks the award of several costs that it states are "non-taxable, though recoverable." ECF No.140, Page ID 4196. It argues that NECivR 54.3 "permits the Court to award Attorneys' Fees and 'and Nontaxable Expenses.'" ECF No. 140,

---

[4] The full paragraph reads:

Because the equipment is mechanical, operational failure of the equipment is possible. No guarantee is implied or expressly made in this quotation as to the continual operation of any pumping system provided by Mersino. If uninterrupted operation of the dewatering system is critical, the Contractor must make all provisions necessary to ensure the continued operation of the dewatering system. Appropriate pumping redundancy in the form of back-up pumps installed and ready for immediate use are recommended in those scenarios. Mersino will not be held responsible for testing or damages, nor for the pumping, filtration, monitoring or disposal of impacted water or soil on this project. Damage done to the pumping equipment as result of pumping impacted water is the responsibility of the Contractor. Furthermore, Mersino bears no responsibility for the drying up of any existing water wells in the area, or damage to existing structures due to the dewatering process. The Contractor agrees and promises that it shall indemnify and hold Mersino harmless from any and all claims, liability, damage, or loss, including reasonable attorney fees arising out of the Contractor's use of the equipment. The Contractor shall also have the entire risk of loss of, damage to, or destruction of the equipment from all causes whatsoever during the term of this lease and thereafter until the equipment has been demobilized from the project site. Further, it is the responsibility of the Contractor to secure the jobsite and the equipment supplied by Mersino from risk of floods. Mersino does not accept back charges as a result of mechanical failures. Mersino does accept the responsibility to address and repair any system experiencing mechanical failures, or to replace down equipment, as rapidly as possible. System failures as a result of a lack of proper fuel supply or poor quality fuel are the responsibility of the Contractor. Any measures taken by Mersino to place a system back into service due to fuel issues are done so at an additional cost.

ECF No. 141-4, Page ID 4230–31.

Page ID 4194 (quoting NECivR 54.3). However, NECivR 54.3(a) states "[w]here a party may be entitled to receive attorney's fees and related non-taxable expenses, the court may order . . . the time and method of making showings regarding a fee award." The rule is procedural and does not supply an independent basis for awarding non-taxable costs. This reading of NECivR 54.3 is consistent with Mersino's cited cases, both of which include independent statutory bases for the awarding of non-taxable costs. *See Marshall v. Anderson Excavating and Wrecking Co.*, 2017 WL 1054039 (D. Neb. Mar. 20, 2017) (awarding attorney's fees pursuant to 29 U.S.C. § 1132(g) of the Employee Retirement Income Security Act of 1974); *Harris News Agency, Inc. v. Bowers*, 2016 WL 3920163 (D. Neb. July 15, 2016) (determining the availability of attorney's fees under 18 U.S.C. § 924(d)(2)(B) of the Gun Control Act of 1986 and 28 U.S.C. § 2412(d) of the Equal Access to Justice Act)). The Court is not aware of any such basis present in this case, and it will not award Mersino's non-taxable costs.

Accordingly,

IT IS ORDERED:

The Motion for Attorney Fees and Costs, ECF No. 139, filed by Defendant Mersino Dewatering, Inc., is granted, in part, as follows:

   The Court awards Mersino taxable costs in the amount of $7,822.30; and

The motion is otherwise denied.

 Dated this 28th day of December, 2017.

       BY THE COURT:

       s/Laurie Smith Camp
       Chief United States District Judge